[No. 20331. Department Two. February 17, 1927.]

H. O. WATT, *Appellant*, v. LAKE GRAVEL COMPANY *et al.*, *Respondents.*[1]

[1] PAYMENT (28)—EVIDENCE—SUFFICIENCY. Findings that payment had been made for gasoline delivered are not sustained by book entries and proof of custom to pay such items by checks drawn to cash, when no witness could testify that actual payments had been made to any person at any time.

Appeal from a judgment of the superior court for King county, Moriarty, J., entered upon findings in favor of defendants, in an action on account, tried to the court. Reversed.

*Chas. W. Johnson,* for appellant.

[1]Reported in 253 Pac. 124.

ASKREN, J.—This action was begun to recover $222.12 claimed to be due the plaintiff as assignee of the Lubricating Gasoline Company, a corporation, for gasoline delivered to the defendant. Answering, the defendant admitted owing the sum of $65.80, and alleged payment of the balance.

Upon the trial, the court found that all the account had been paid save the sum of $65.80 admitted to be due, and gave judgment in that amount. Plaintiff has appealed.

[1] The only question presented on appeal is whether the court erred in deciding that payment had been proven. The delivery of the gasoline being admitted, the burden was upon the respondent to prove payment. The respondent relied largely on book items to show payment. Corroborative testimony was also offered by the manager of respondent.

From his testimony, it appears that the respondent's course of business as to payments of such items was to pay cash at certain times upon presentation of slips, and that then a check would be drawn to cash to take care of the items. He believed, from the entry in the company's books, that the bill was paid, but neither he nor any one else could specify any certain person as having been paid, nor was any receipt or other evidence of payment produced. The trial court was of the view that the evidence of both sides, consisting as it did largely of book entries, was such that the evidence of delivery was no stronger than that of payment. But of course the delivery having been admitted, it was not a question of the amount of proof thereon. The sole question was payment. We have not been favored with a brief on behalf of respondent, but have investigated the record and testimony with care and are satisfied that the evidence as to payment was too incomplete to justify a holding that it had been made.

Reversed, with instructions to enter a judgment in accordance with the complaint.

MACKINTOSH, C. J., PARKER, TOLMAN, and BRIDGES, JJ., concur.